**In re ANTITRUST GRAND JURY INVESTIGATION.**

**Crim. No. 80–00022–A–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 29, 1980.

Eliot Norman, Asst. U. S. Atty., Richmond, Va., for the Government.

WARRINER, District Judge.

The issue before the Court is whether proceedings on an application before the Court under 18 U.S.C. § 6003[1] for a grant of immunity to a witness before a grand jury should be secret or open to the public.

Fed.R.Crim.P. 6(e)[2] clearly provides for secrecy as to "matters occurring before the grand jury." Just as clearly, *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 596, 100 S.Ct. 2814, 2838, 65 L.Ed.2d 973 (1980) provides that:

> [T]he conduct of the trial is pre-eminently a matter of public interest. More importantly, public access to trials acts as an important check, akin in purpose to the other checks and balances that infuse our system of government.

Since an application under § 6003 does not, strictly speaking, occur before the grand jury, the question may not be decided by mere reference to the Rule. It is at least equally obvious that proceedings under such an application are not "the conduct of the trial" envisioned in *Richmond Newspapers.* Whether considered a trial or a grand jury proceeding, proceedings on an application under § 6003 are, undeniably, "a matter of public interest."

Applications for grants of immunity lie on the continuum that runs between the

1. 18 U.S.C. § 6003 provides:

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege. against self-incrimination, such order to become effective as provided in section 6002 of this part [18 USCS § 6002].

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and
(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

2. The portion of Rule 6(e) requiring secrecy is Rule 6(e)(2) as follows:

(2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

well-nigh absolute right of access by news gathering persons to criminal trials which may be gleaned from the several opinions in *Richmond Newspapers*, and the carefully crafted grand jury nondisclosure provisions of Rule 6(e)(1), (2), (3), and (4). It is not sufficient, I believe, merely to observe that immunity applications have more of the nature of occurrences before a grand jury and, thus, all secrecy rules apply. On the other hand it would be simplistic to say that an immunity application is required to be presented to the Court, thus *Richmond Newspapers* should apply.

Merely presenting a matter to a court does not necessarily imply that a trial is in progress. Indeed, when § 6003 applications are presented to the Court it should be presumed that no indictment has yet been returned and thus no trial, properly so called, is yet in progress. Further, the Court's discretionary function, typical of a trial situation, is severely limited in § 6003 applications. The Court's function under an immunity application primarily is to determine if certain statutory requirements have been met. If so, the Court "shall issue" the grant of immunity. 18 U.S.C. § 6003(a). As a further tendency toward the grand jury end of the continuum, it should be noted that the application directly and crucially affects occurrences before the grand jury. The application is adjunctive to the grand jury proceeding. On this analysis I believe the trial aspect of the proceeding is only apparent while the grand jury aspect is concrete.

Despite the procedural and ideational manifestation of grand jury attributes to immunity proceedings, tending thus toward a requirement of secrecy, I believe it appropriate to go further and consider the benefits and detriments of secrecy within the framework of the decided cases. Undoubtedly, abuses in the granting or denial of immunity, the application of unnecessarily lax or unnecessarily rigid standards by the prosecutor, instances of favoritism or corruption, evidence of prejudice or bias or of stupidity on the part of the prosecutor or the Court might well be revealed with benefit to the common weal by public access to § 6003 proceedings.

On the other hand, the Supreme Court in *Douglas Oil Company v. Petroleum Stops Northwest*, 441 U.S. 211, 219, 99 S.Ct. 1667, 1673, 60 L.Ed.2d 156 (1979), in dealing directly with the reasons for the secrecy rule in grand jury proceedings, mentioned factors which would be directly applicable in permitting public access to immunity proceedings. The Supreme Court said:

First, if pre-indictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against the indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but found innocent by the grand jury will not be held up to public ridicule.

In immunity proceedings the revelation of the identity of witnesses for whom immunity is sought would or could inhibit prospective witnesses from coming forward, knowing that those against whom they testify would be aware of the fact that they did testify and, likely, the nature and content of that testimony. Their identity being revealed, the witnesses for whom immunity is sought would be open to retribution as well as to inducements to perservere in refusals to testify. Even imprisonment for contempt may not, in some instances, be as persuasive to a prospective witness as the inducements which might be offered by those under grand jury investigation. Subjects of the inquiry, alerted by the identity of the witness and that the witness had sought or received immunity, might flee or might seek to influence individual grand jurors to vote against indictment. Finally, by revealing the identity of a witness, and

that immunity was sought, the "target" of that witness's testimony might easily be inferred and he might be held up to public ridicule though probable cause be not ultimately found by the grand jury.

Though there appear to be no reported decisions directly on point, I am persuaded that secrecy should be the rule for § 6003 proceedings on the basis of the identity of such proceedings with "occurrences before the grand jury," as well as by reason of the apt transferability of the *Douglas Oil* considerations to § 6003 proceedings. It follows that the government's motion should be granted and that all transcripts of hearings, all applications or orders to compel testimony, all orders entered pursuant to such applications filed, heard and entered on 10 June 1980 and the Government's motion and brief filed on 24 June 1980 be sealed and be maintained under seal until further order of this Court.

And it is so ORDERED.